## BELOTE et al. v. BROWN SECURITIES CORPORATION.

### No. 5410.

Court of Civil Appeals of Texas. Texarkana.

May 5, 1939.

Rehearing Denied May 11, 1939.

Jones & Jones, of Marshall, for appellants.

Edgar Monteith and T. J. O'Brien, both of Houston, for appellee.

WILLIAMS, Justice.

Harvey Belote and other children of Thomas J. Belote, who died intestate in 1919, sued appellee, Brown Securities Corporation, in trespass to try title in statutory form for the title and possession of an undivided $\frac{1}{90}$ interest in the minerals under a 90-acre tract of land out of the H. Halbert Survey in Cass county. Plaintiffs also prayed for cancellation and rescission of any purported conveyance of said interest and for removal of cloud from title. Mrs. Angie Wall Belote, the surviving wife of Thomas J. Belote, had executed and delivered to one Cook, an agent of appellee, a royalty deed which purported to convey to the grantee "an undivided $\frac{1}{90}$ interest in and to all the oil, gas and other minerals, in and under, and that may be produced from" this 90 acres. This conveyance described the whole 90 acres by metes and bounds and made subject to an oil and gas lease theretofore executed covering the tract and contained the usual provision that in the event the lease was cancelled, the grantee should own $\frac{1}{90}$ of the minerals. The surviving wife had joined the children in the execution of the lease. The lease is not in controversy.

The 90 acres was acquired by Thomas J. Belote in 1900 prior to his marriage in 1903, and was his separate estate. His wife continued to reside upon and use the tract as a homestead. The wife, appellee and agent all acted in good faith upon the mistaken but honest belief that the 90 acres was the community estate of Mrs. Belote and her husband. The royalty interest had greatly increased in value at date of trial over the $1,000 paid for same; production having been developed.

Appellee answered with a plea of not guilty, and by cross action impleaded Mrs. Belote, the surviving wife, and alleged a trespass to try title action in statutory form against the wife and all the plaintiffs. Appellee further pleaded: "in the alternative, in the event that Mrs. Belote owns no fee simple interest in said land, but

only a life estate therein—pleading the admitted facts with reference to the execution by Mrs. Belote and her six children, plaintiffs herein, of the oil and gas lease covering the 90 acres; conveyance by Mrs. Belote to Cook of "an undivided $\frac{1}{90}$ interest in and to all of the oil, gas and other minerals in and under, and that may be produced from said 90 acre tract, by warranty mineral deed; the mutual mistake under which Mrs. Belote and Cook acted; and setting up the resulting equitable right of Brown to conveyance by Mrs. Belote to Brown of so much of the right and estate in such lands, tenements and hereditaments as Mrs. Belote might lawfully convey, and which she contracted and attempted to convey; and that such mineral deed be reformed and specifically performed to effect such result, and that such mineral life estate interest be established and quieted in Brown as against Mrs. Belote, plaintiffs and cross-defendants herein," and for such other and further relief in law and equity to which it may be entitled.

Plaintiffs answered the cross action with a general demurrer, denial and plea of not guilty. Mrs. Belote, who was personally cited to answer the cross action, did not answer and an interlocutory judgment by default with writ of inquiry was entered against her in favor of appellee.

Subsequently, on trial to the court, judgment was rendered that the Belote children (plaintiffs) recover of appellee the title to the following described estate, to-wit: "The reversionary estate of interest in an undivided $\frac{1}{90}$ interest in and to all the oil, gas and other minerals in and under, and that may be produced from the 90 acres of land above described by metes and bounds, at and after the termination of and estate for and during the natural life of Mrs. Angie Wall Belote in said undivided $\frac{1}{90}$ interest in and to all the oil, gas and other minerals in and under, and that may be produced from said 90 acres above described."; and that appellee recover of the Belote children and Mrs. Belote the title and possession of the following described interest or estate, to-wit: "An estate for and during the natural life of Mrs. Angie Wall Belote in an undivided $\frac{1}{90}$ interest in and to all the oil, gas and other minerals in and under, and that may be produced from said 90 acres of land above described by metes and bounds, for

which Brown Securities Corporation may have its writ of possession."

The action of the trial court in rendering a default judgment against Mrs. Belote is not assailed by any proposition advanced in any brief. Appellee has filed no cross-assignment of error.

The controversy in this appeal arises out of the action of the court with respect to the cross action whereby the court decreed to appellee a life estate in an undivided $\frac{1}{90}$ interest in the minerals that may be produced from the whole tract. Appellants contend that the court should have decreed to appellee a life estate in only $\frac{1}{3}$ of $\frac{1}{90}$ ($\frac{1}{270}$) undivided interest in the whole tract instead of a life estate in a $\frac{1}{90}$ undivided interest as decreed.

Upon the death of her husband, by virtue of the law of descent and distribution, Article 2571, R.C.S. of 1925, Mrs. Belote acquired a statutory life estate in $\frac{3}{90}$ ($\frac{1}{3}$) of the whole tract, which she still owned at the time of execution of the conveyance under consideration. By virtue of this statute and the construction placed on a life estate in oil discovered on land as announced in Swayne v. Lone Acre Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986, 8 Ann.Cas. 1117; 31 T.J. p. 544, Sec. 21, this surviving wife was entitled for the term of her natural life to the income accruing on an impounded $\frac{3}{90}$ of the $\frac{1}{8}$ royalty in the whole.

Mrs. Belote did not own the fee to an undivided $\frac{1}{90}$ interest in the minerals under the whole tract, which she attempted to convey. But she did own a life estate in an undivided $\frac{3}{90}$ interest in the minerals under the whole tract. Her deed to appellees described only $\frac{1}{90}$ undivided interest in the tract. Her deed operated as an alienation of the largest estate that she had in a $\frac{1}{90}$ undivided mineral interest in the whole as described in her deed, to-wit, a life estate in such $\frac{1}{90}$ undivided interest.

This conclusion here reached is supported by the provisions of Article 1290, R.C.S. of Texas, which reads: "All alienations of real estate, made by any person purporting to pass or assure a greater right or estate than such person may lawfully pass or assure, shall operate as alienations of so much of the right and estate in such lands, tenements or hereditaments as such person might lawfully convey; but shall

not pass or bar the residue of said right or estate purporting to be conveyed or assured; nor shall the alienation of any particular estate on which any remainder may depend, whether such alienation be by deed or will, * * * so operate as to defeat, impair or in any wise affect such remainder." See also 14 T.J. p. 930 Sec. 151; 28 T.J. p. 62 Sec. 10; 17 R. C.L. p. 646, Sec. 37; Andrews v. Brown, Tex.CivApp., 283 S.W. 288; Stephens v. Hewitt, 22 Tex.Civ.App. 303, 54 S.W. 301; Merriman v. Blalack, 56 Tex.Civ.App. 594, 121 S.W. 552.

The judgment is affirmed.