**EXTRACTION RESOURCES, INC. and Title Service Company, et al., Appellants,**

v.

**Clifford Jefferson FREEMAN et al., Appellees.**

**No. 6583.**

Court of Civil Appeals of Texas, El Paso.

July 27, 1977.

Appellants' Motions for Rehearing Denied Aug. 24, 1977.

M. McDonnold, Jr., Jack L. Hart, Midland, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Odessa, Bullock, Scott & Neisig, Midland, for appellants.

Hultgren, Jewell & Kolb, Edward J. Kolb, William G. Love, Dallas, Garland Casebier, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., David K. Brooks, Midland, Kenneth P. Fountain, Houston, for appellees.

## OPINION

PRESLAR, Chief Justice.

This oil and gas case presents two questions. First, the nature of the estate conveyed, whether royalty or an interest in the minerals in place, and second, whether the owners of the royalty interest have a right to receive payment in kind as distinguished from cash.

This case was brought by the Appellees, who were grantees under some of 366 deeds executed by one Burl Stiff, asking for a construction of the deeds and, secondly, to cause Exxon Corporation, the operator of leases on the lands involved, to pay royalties which they were holding in suspense pending a determination of whether they were to be paid in money or in kind. The trial Court construed the deeds in question to convey a perpetual non-participating royalty and it ruled that Exxon should pay the royalties in money. We affirm the judgment of the trial Court.

As indicated, certain of the Appellees were Plaintiffs and grantees under the deeds from Burl Stiff and they originally brought this as a class action, but since that was disallowed by the trial Court, the re-

maining grantees of the 366 deeds of Burl Stiff were then cited as Defendants and will hereafter be referred to as Defendants-cited-by-publication. Their interest in the litigation is the same as that of the Plaintiffs. In fact, through their attorney ad litem they cross-acted seeking relief as Plaintiffs. The Appellants, who are involved in the first question to be discussed, are Defendants who claim through the heirs of Burl Stiff, and in discussing the first question we will refer to them as Appellants.

The 366 deeds in question were given by Burl Stiff during the period of time from 1926 to 1928. Prior to that, he had acquired a 1/16th non-participating royalty interest in five sections of land in Winkler County, and the trial Court found that the 366 deeds were "for the purpose of dividing and selling the perpetual nonparticipating royalty interest he had acquired." The common source of title for all concerned is that of John A. Haley and wife, Julia, who by two royalty deeds conveyed the 1/16th royalty to one C. F. Lehman, who in turn conveyed it to Burl Stiff. Burl Stiff thereafter gave the 366 deeds, and each of these deeds was identical in form and purported to convey to the grantee therein 1/64th of the oil, gas, and other minerals in a certain number of undivided acres out of each of one or more of the sections involved. Each of the deeds was on a printed form entitled in conspicuous letters "Royalty Deed," but the conveying part of the deed was as follows:

"One sixty-fourth interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands, situated in Winkler County, Texas, to-wit: * * * [description follows], together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom."

Thus, Burl Stiff used a royalty form deed and filled in the blanks accordingly, but he failed to add that it was a royalty interest and left the deed in fact in the form of a conveyance of the minerals in place.

Appellants contend that under the rules of construction of an unambiguous instrument, the interest conveyed by each of these deeds is a mineral interest. This would be a 1/64th of the mineral estate which would include a corresponding 1/64th of the royalty. *Pan American Petroleum Corporation v. Texas Pacific Coal and Oil Company,* 340 S.W.2d 548 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.). The present lease on the premises provides a 3/16ths royalty, and Appellants say that the grantees of Burl Stiff, Appellees, therefore own a 1/64th of that 3/16ths royalty, and this results in a residue of 13/16ths in the grantor Burl Stiff which they now own by reason of having purchased same from his heirs. The Appellees, as grantees from Burl Stiff, contend that since Burl Stiff did not own minerals but owned only royalty, the maximum interest he could have conveyed, and thus did convey, to them was a perpetual free royalty out of total production. With that we agree for two reasons: first, because of the nature of the estate owned by Burl Stiff and, second, because the intention of the parties was to convey a 1/64 royalty interest.

As background, we look briefly to the incidents of ownership of a mineral interest. Under Texas law, the owner of a mineral estate possesses a bundle of interests which can be separately conveyed or reserved; these include the rights to execute oil, gas and mineral leases, and the right to receive bonuses, rentals and royalties. As indicated, each can be severed into a separate interest, and each is a property right and has been so regarded by Texas Courts. *Brown v. Humble Oil & Refining Co.,* 126 Tex. 296, 83 S.W.2d 935 (1935); *Sheffield v. Hogg,* 124 Tex. 290, 77 S.W.2d 1021 (1934) reh. den. 124 Tex. 290, 80 S.W.2d 741 (1935); *Stephens County v. Mid-Kansas Oil & Gas Co.,* 113 Tex. 160, 254 S.W. 290 (1923). And, as Texas Courts have often said, "The words 'Royalty,' 'Bonus,' and 'Rentals,' each and all have a separate, distinct and well established meaning in the oil and gas business. See *Schlittler v. Smith,* 128 Tex. 628, 101 S.W.2d

543 * * * ." *Masterson v. Gulf Oil Corporation,* 301 S.W.2d 486 (Tex.Civ.App.—Galveston 1957, writ ref'd n. r. e.). There are varying forms of these estates, which we do not need to discuss, but it is important to note that each can be separately conveyed or reserved, and when so conveyed or reserved, they become separate estates. In Texas, oil and gas in place are, by the established rules of property, a part of the realty or corpus of the land and as such are subject to ownership, severance, conveyance, lease, and taxation. This includes royalty. *Sheffield v. Hogg,* supra; *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699 (1945).

In the case before us, all parties agree that Burl Stiff acquired a 1/16th non-participating royalty interest. The Haleys carved that interest out of their mineral estate, specifying that the grantee is restricted to the right to receive a portion of the oil or gas produced with no right in the owner thereof to join in future leases or to receive a portion of the bonus or delay rentals; and being unlimited as to time, it is a perpetual non-participating royalty. The parties are in agreement that this was the estate Stiff owned and that he never owned any other interest in the lands involved. The other sticks in the bundle of interests making up the mineral estate, i. e., the rights to bonuses, rentals, remaining royalty rights, and the rights to execute oil and gas leases, were owned by others. Under the facts of this case, when Appellants urge that Stiff conveyed an interest in the mineral estate, they are in effect saying that he conveyed something owned by others. It is elementary that one cannot convey what he does not own. This was the effect of the holding in *Belote v. Brown Securities Corporation,* 129 S.W.2d 395 (Tex.Civ.App.—Texarkana 1939, no writ), in which one owning a life estate attempted to convey in fee and the Court limited the conveyance to that which she owned—a life estate. And in *Cockrell v. Texas Gulf Sulfur Company,* 157 Tex. 10, 299 S.W.2d 672 (1956), the Court said:

"We take it that no authority need be cited for the proposition that a deed can pass no greater estate than that owned by the grantor. Likewise it is fundamental that a warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions which reduce the estate conveyed. *Harris v. Currie,* 142 Tex. 93, 176 S.W.2d 302; *Alfrey v. Ellington,* Tex.Civ.App., 1955, 285 S.W.2d 383, n. r. e. * * *"

Appellants claiming under the heirs of Stiff contend that they own the "residue" of the remaining estate in each deed (1/64th of 18/16ths). Under the trial Court's ruling, there is no residue and Stiff is held to have granted the greatest estate possible—1/64th of total production, all he owned. Where the quantum of the estate granted is in doubt, the rule is that that doubt should be resolved against the grantor and be held to convey the greatest estate permissible under the language of the deed. *Garrett v. Dils Company,* 157 Tex. 92, 299 S.W.2d 904 (1957); *Curdy v. Stafford,* 88 Tex. 120, 30 S.W. 551 (1895); *Allen v. Creighton,* 131 S.W.2d 47 (Tex.Civ.App.—Beaumont 1939, writ ref'd). Burl Stiff, who owned royalty, conveyed the maximum royalty out of total production, the full 1/64 th called for in each deed.

On the question of whether the royalty is payable in money or "in kind," the Plaintiffs/Appellees and the Defendants-cited-by-publication are in agreement that the payment should be in money. Despite our disposition of the first question above, it is still necessary to pass on this second question because certain of the Appellants hold interest under grantees of Burl Stiff and contend that they are entitled to royalty "in kind." In carving out of their mineral estate the royalty interest which Burl Stiff owns, the Haleys reserved executive rights in the following terms:

"It is understood that the one-sixteenth interest herein conveyed is to be a royalty interest only, and the grantee shall have no interest in any rentals, bonuses or revenues or moneys received or derived from the leasing of said lands and neither the grantee, his heirs nor assigns shall

ever have any control over the leasing of said lands for minerals or other purposes, but for the purpose of leasing and making any and all contracts for leasing or having said land developed and prospected for oil or other minerals of any kind, the grantors herein, are hereby made agents of the grantee, and the grantee need not be consulted at any time in regard to leasing or prospecting same; but in case oil or other minerals shall at any time hereafter be produced from said land, then and in that event the grantee shall receive one-sixteenth of all the oil, gas or other minerals, the same to be directed to the grantee, his heirs or assigns."

The leases in question are producing gas, and Appellants contend that under this last clause they are entitled to receive the gas "in kind" rather than to be paid for it in money because of the quoted phrase "the same to be directed to the grantee, his heirs or assigns." They look to "directed" as being synonymous with "delivered." We arrive at a different conclusion by looking to the entire instrument, as we must under the rules of construction. 19 Tex.Jur.2d Deeds, Sec. 112 (1960). The royalty owners' rights are fixed by the royalty deed from the Haleys; they took subject to the retained executive rights of the Haleys; it was specified that the royalty owners had no leasing rights; and the royalty they receive depends entirely on what the Haleys bargained for. The bargain that was struck by the Haleys' successors was that the lessee would pay ³⁄₁₆ths of the proceeds of gas sales in money; that does not conflict with the provision that the same is to be "directed to the grantee." The royalty provided by the leases is what the grantees and their successors are entitled to, and that is being directed to them. "Directed" to them would apply whether in kind or in money. The trial Court's order directs Exxon to pay it to them in money.

The judgment of the trial Court is affirmed.