C. M. RANDAL et al., Appellants,

v.

Mary RUTHERFORD et al., Appellees.

No. 18150.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 1, 1979.

Rehearing Denied March 1, 1979.

D. J. Brookreson, II, Seymour, for appellants.

Jennings, Montgomery, Dies & Turner and Elton M. Montgomery, Graham, for appellees.

## OPINION

MASSEY, Chief Justice.

The appeal reaches this court from a summary judgment upon the pleadings granted upon motion of defendants.

We reverse the judgment and remand the cause.

Here there is similarity to a case reaching the appellate court under the former general demurrer practice. Then, when there was sustained a general demurrer to a plaintiff's pleading, there could be an appeal to rest its sufficiency to state a cause of action. On summary judgment proceedings a defendant movant might prevail even where not likewise entitled on the pleadings alone where the defendant might establish the plaintiff's inability to supply proof to establish an issue of fact. Here the motion for summary judgment was confined to the pleadings. In other words, movants are taking the position that on the petition for relief there was no evidence, whatever it might be, which would be admissible on a trial on the merits to establish a *prima facie* case for any recovery against them.

The relief sought by the plaintiffs' petition was for a declaratory judgment that a certain fractional interest in minerals, conveyed by a deed executed the 1st day of February 1938 by Clifford Rutherford and his wife to C. L. Caldwell and others, was an undivided 1/24th interest and not an undivided 1/240th interest. It is obvious that the 1/24th interest was the whole interest owned (under the land described) by Rutherford at time the deed was executed, and, by necessary implication, being the whole of the 1/24th interest he had inherited from his parents.

For purposes of test by summary judgment rules, without detailing how the defendants in the case came to be such, it is agreed that they have succeeded to the interest in the oil, gas and other minerals, if any there was, which continued to be that of Clifford Rutherford after he executed the deed on the 1st day of February 1938. And, without detailing how the plaintiffs in the case came to be such, it is agreed that they have succeeded to whatever interest of like nature which was in fact conveyed to the grantees by that same deed. Simplified, the deed may be viewed as one by Clifford Rutherford to defendants or defendants' predecessors in title.

We quote the material portions of the deed, lending emphasis to the sections emphasized as (a), (b), and (c) as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That we, Clifford Rutherford and wife Maggie Rutherford, of Baylor County, Texas, for and in consideration of the sum of Ten and no/100 Dollars ($10.00) cash in hand paid by C. L. Caldwell, . .

hereinafter called Grantees, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said Grantees an undivided (a) *one-two hundred Fortieth (1/240) interest in and to all of the oil, gas and other minerals* in and under, and that may be produced from the following described land situated in Young County, Texas, to-wit:

"All of T.E.&.L. Co. Survey No. 644; All of T.E.&.L. Co. Survey No. 449; 160 acres out of T.E.&.L. Co. Survey No. 643 and (b) *being all of the land out of said Survey in the name of T. H. Rutherford.* For a better description of said land reference is hereby made to deeds of record in the Deed Records of Young County, Texas, and (c) *the interest hereby conveyed in said lands is that portion that the grantor, Clifford Rutherford, received from his deceased parents.*

" . . .

"Said land being now under an oil and gas lease . . . this sale is made subject to the terms of said lease, but covers and includes—of all of the oil royalty, and gas rental or royalty due to be paid under the terms of said lease.

"It is understood and agreed that—of the money rentals which may be paid . . . under the terms of said lease is to be paid to the said Grantee and in event that the above described lease for any reason becomes cancelled or forfeited, then and in that event an undivided— of the lease interest and all future rentals on said land for oil, gas and other mineral privileges shall be owned by said Grantee, —owning—of all oil, gas and other minerals in and under said lands, together with—interests in all future rents." (Emphasis added.)

From the foregoing there is no question but that plaintiffs obtained at least 1/240th interest in the minerals; they said it was a 1/24th interest. It is without question that if no more than a 1/240th interest was conveyed, Rutherford's successors (to be hereinafter merely termed as "Rutherford") then Rutherford retained whatever fractional mineral interest remained as his own, after the 1/240th interest was conveyed. What is a question is whether it was more than a 1/240th interest which was conveyed, and if so how much?

By the emphasized section (a) made in copying from the deed, Rutherford granted a 1/240th interest in and to the minerals; by section (b) the interest was from a certain total 160 acre tract, or from a part of such total surface, or under which total either the whole of the minerals, or a certain part thereof, was of record by the Deed Records of Young County, Texas, which exhibited ownership by T. H. Rutherford (whoever that Rutherford might have been), and that the interest intended to be conveyed out of whatever appeared from the records as owned by T. H. Rutherford, was (section (c)) that interest therein or thereunder which grantor Clifford Rutherford had received—either by deed, by will, or by the laws of descent and distribution—from his deceased parents (names not set out in the deed).

To be remembered is that we deal with a proceeding *in rem*, that the transaction of conveyance by deed has been complete since 1938. Our concern is with the question of whether plaintiffs should be permitted to try upon its merits the case stated by their petition. For our purposes it is to be presumed that they were prepared to introduce evidence, if entitled to do so under rules of evidence, to the effect that Rutherford intended to and did actually accomplish by the deed a transfer of all the mineral interest in and under the lands described possessed by him. For purposes of summary judgment we accept it to be a fact that the mineral interest possessed by him at the material time was an undivided 1/24th fractional interest.

■ A cardinal rule in the interpretation of a deed is that there is the presumption that some interest passes; and if conflicting provisions cannot be harmonized and the language used leaves any doubt as to the grantor's intention, the deed is to be construed so as to convey the greatest es-

tate that the terms of the instrument will permit. 19 Tex.Jur.2d § 117, "Deeds", p. 411, "Determination of estate or interest created." Another is that generally a deed passes the interest possessed by the grantor in the land unless he uses words showing an intention to convey a lesser estate. § 119 (at p. 414), "Estate measured by grantor's interest." Another is that parol evidence is not admissible to vary or modify the nature or extent of an interest defined by a deed in unambiguous terms. § 120 (at p. 416), "Extrinsic evidence—When admissible." Another is that where a deed is sought to be proved as part of a chain of title a description by reference to the grantor's ownership is sufficient to reasonably identify the land and it constitutes notice to subsequent purchasers of claim to title; and the same rule is applicable when the deed describes the property as owned by some designated person other than the grantor. § 132 (at p. 438) "Reference to ownership", and the cases annotated thereunder. When a description in a deed refers to other writings those referred to must be examined along with the deed if that be necessary in order to identify the land. § 134 (at p. 441) "Reference to other documents."

 Beginning at 19 Tex.Jur.2d, p. 455, are found sections dealing with rules of construction for interpreting language in deeds. It is stated that the purpose of construing a deed is to ascertain the intention of the parties as applied, among other things, to the description of that which is conveyed; though, it is added, there is no occasion for construction where the intention is plain from a reading of the instrument. Generally, all of the descriptive language must be considered in ascertaining the intent. If the description mentions several particulars, all of which are necessary to identify the land intended to be conveyed, only land that is covered in every particular of the description is conveyed by the deed, subject to the qualification that obvious erroneous particulars may be ignored. § 145 (begins p. 455), "In general; Ascertaining intention of parties." In the absence of language in the deed showing a contrary intention a deed conveys the land described even though the quantity of land stated in the deed is more or less than the actual described area. The presumption is that the quantity was computed from the description, not that the parties intended to convey the quantity mentioned at all events. The deed conveys title to the land described, regardless of any discrepancy in the stated area." § 158 (p. 476), "Discrepancies between description and area."

When we refer to the Rutherford deed and to pertinent language therein we are, for summary judgment purposes, obliged to believe that if plaintiffs had been permitted to go to trial on the merits they may have tendered evidence to prove the following: that T. H. Rutherford was the father of Clifford Rutherford and that T. H. Rutherford and his wife had died, with son Clifford inheriting ½₄th interest in and to the mineral estate—out of the whole mineral estate (or fractional part thereof belonging to Mr. and Mrs. T. H. Rutherford)—under the 160 acres or that part of record as belonging to T. H. Rutherford; and that it was the entire ½₄th interest which was intended to be conveyed.

On the appeal the basic position assumed by Rutherford (or his successors) is that in the deed there is the particular description of the interest conveyed, to-wit: the ½₄₀ths mineral interest, which by rules of construction take precedence over a general description of the interest conveyed. Rutherford's contention is that in reconciling apparent inconsistencies, so as to foreclose necessity to resort to parol evidence—a result which a trial court must achieve if possible, a granting clause should be favored over later repugnant language in another portion of the deed. Our view is that all the language under scrutiny is, in fact, within the body of the granting clause and there is repugnancy or inconsistency. The repugnancy (contained in one and the same clause), is because it is stated that the interest conveyed was that which had been received from grantor's parents (for our purposes assumed to be a ½₄th interest) and at the same time there is the statement that it was a ½₄₀th interest, which was conveyed.

We have concluded that the ambiguity of the Rutherford deed lies in "a material portion of the deed", whereby parol evidence would be admissible to explain the intention of the grantor at time the deed was made. *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608, 612 (1956).

We hold that the character of ambiguity in the instrument of deed is one which opens the door to parol evidence in explanation and clarification of the intended proportionate mineral interest conveyed, i. e., that there was issue of fact on Rutherford's intent. The door being open, as is our holding, there was error in granting to plaintiffs' adversaries a judgment on the pleadings.

The summary judgment is reversed, with the cause remanded to the trial court for further proceedings not inconsistent herewith.