TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00211-CV






J. B. Ely, Jr., Appellant



v.



Shawn Joyce Briley; Elizabeth R. Berg ; and Union Pacific


Resources Company, Appellees







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 25,082, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






 In this case of first impression, we decide (1) whether a constructively severed mineral
interest is subject to the doctrine of accretion, and (2) whether a deed reserving a one-half mineral interest
to the grantor ceded the grantor's right to future accretion to the grantee. Because we hold that a
constructively severed mineral interest is subject to the doctrine of accretion, and that the deed in question
did not limit the grantor's right to future accretion, we will affirm the trial-court judgment.


THE CONTROVERSY


 Since 1879, the tract of land in question was described with one boundary going to the
Brazos River and up the river with its meanders. (1)
 In 1947, appellees Briley and Berg's predecessor-in-title
deeded the land to Ely's predecessor-in-title but reserved to the grantors a one-half mineral interest in the
property. The reservation read:


MINERAL RESERVATION: Said W.V. Joyce and Lucy Elizabeth Joyce hereby
expressly reserve and retrain [sic], and the said J.A. Ely, Sr., and H.B. Ely expressly agree
to such retention, an undivided one-half (1/2) interest in and to all of the oil, gas and other
mineral [sic] in and under the herein described property. Said undivided one-half (1/2)
mineral interest to be retained by said W.V. Joyce and Lucy Elizabeth Joyce, their heirs,
successors and assigns forever, together with the right of ingress and egress for the
purpose of developing and producing said one-half (1/2) mineral interest.



Since 1947, the land increased in size by approximately 266 acres due to accretion from the Brazos River. 
Appellee Union Pacific Resources Company ("UPRC") holds oil and gas leases covering the property in
question and has drilled a producing well on it.

 Ely filed suit against UPRC, alleging that he was entitled to all the mineral royalties from the
accreted property. UPRC filed a third-party action against Briley and Berg, each of whom owns one-half
of the undivided one-half mineral interest reserved under the 1947 deed.

 Trial was to the trial court on the parties' stipulation of facts. They stipulated that Ely owns
all of the surface of the accreted land and at least a one-half interest in the mineral estate thereof. They
agreed that Berg and Briley retained one-half the mineral interest in the original tract; however, they
disputed whether the 1947 deed also effectively reserved a one-half interest to the minerals in the accreted
lands. The trial court rendered judgment that Briley and Berg each owned a one-fourth interest in the
minerals under the accreted land.


ANALYSIS


Standard of Review

 The construction of an unambiguous deed is a question of law for the court, based on the
parties' intent as expressed within the four corners of the instrument. Altman v. Blake, 712 S.W.2d 117,
118 (Tex. 1986). We review a trial court's decision on a question of law de novo. Barber v. Colorado
Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex. 1995). We will affirm the trial-court judgment if it is proper
on any basis supported by evidence. Valencia v. Garza, 765 S.W.2d 893, 898 (Tex. App.--San
Antonio 1989, no writ).


Whether a mineral interest is subject to the doctrine of accretion

 Texas recognizes the doctrine of accretion, under which the owner of riparian land gains
title to land that accretes to his or her property. Coastal Indus. Water Auth. v. York, 532 S.W.2d 949,
952 (Tex.1976); Manry v. Robison, 56 S.W.2d 438, 444 (Tex. 1932). And, under Texas law, a mineral
interest is a property interest. Toledo Society for Crippled Children v. Hickok, 261 S.W.2d 692, 694
(Tex. 1953); Holloway's Unknown Heirs v. Whatley, 131 S.W.2d 89, 92 (Tex. 1939). This is true
whether or not the mineral estate is constructively severed from the surface estate. Whatley, 131 S.W.2d
at 92. A mineral estate possesses "all the incidents and attributes of an estate in land." Harris v. Currie,
176 S.W.2d 302, 305 (Tex. 1943). Because a constructively severed mineral estate is a property interest
of equal dignity as a surface estate, it logically should also be subject to accretion.

 Practical considerations also support the proposition that a constructively severed mineral
estate should be subject to accretion. A deed giving rise to competing riparian claims of accretion uses the
shore of the body of water as a boundary. See Stover v. Gilbert, 247 S.W. 841, 843 (Tex. 1923). Thus,
the location of the mineral estate boundary as it existed at the time of the reservation will often be
undeterminable. The boundary of the mineral estate, as the boundary of the surface estate, can be
determined only with regard to the river's shore.

 Finally, equity supports the conclusion that a mineral estate should be subject to the
doctrine of accretion. To hold that a constructively severed riparian mineral estate is not subject to the
doctrine of accretion, although an unsevered riparian mineral estate is, would create a groundless distinction
in the bundle of property rights accorded the two groups of property owners. We will not countenance
the inequity of such a system.

 For the reasons stated, we conclude that a constructively severed riparian mineral interest
is subject to accretion. (2)


Whether the Deed Limited Grantor's Right to Future Accretion

 Ely argues that even if we recognize the general application of the doctrine of accretion to
a constructively severed mineral estate, the doctrine does not apply in this case. Ely contends the 1947
deed limited the grantor's reservation to the boundaries as they existed in 1947 because it reserved the right
to minerals "in and under the herein described property." We disagree.

 We do not read the deed as implicitly conveying the grantor's right to future accretion of
the retained mineral estate. We hold that the reservation of the right to minerals "in and under" the property
were words of description, not of limitation. See Burns v. Goodrich, 392 S.W.2d 689, 692 (Tex. 1965)
(clause in deed that interest conveyed was interest inherited by father from estate of his deceased parents
not clause restricting granting clause but instead identifying reference).

 Ely, reciting the general rule that a deed is construed as giving the broadest possible estate
to the grantee, argues that the 1947 deed should have specifically reserved the right to enjoy future
accretion. See, e.g., Reeves v. Towery, 621 S.W.2d 209, 212 (Tex. Civ. App.--Corpus Christi 1981,
writ ref'd n.r.e.). We disagree.

 Under Texas law, the owner of a mineral estate possesses a bundle of interests, including
the right to execute oil, gas, and mineral leases, and the right to receive bonuses, rentals and royalties. 
French v. Chevron USA, Inc., 896 S.W.2d 795, 797 (Tex. 1995); Extraction Resources, Inc. v.
Freeman, 555 S.W.2d 156, 159 (Tex. Civ. App.--El Paso 1977, writ ref'd n.r.e.). Each is a property
right which can be separately conveyed or reserved. Concord Oil Co. v. Pennzoil Exploration &
Production Co., 40 Tex. S. Ct. J. 33, 87 (Tex. October 18, 1996) (pending on rehearing). But an
unqualified reservation of the mineral estate reserves the entire bundle of property rights accorded a mineral
estate. French, 896 S.W.2d at 797; see also York v. Kenilworth Oil Co., 614 S.W.2d 468, 471 (Tex.
Civ. App.--Waco 1981, writ ref'd n.r.e.) (reservation of mineral interest reserved "possibility of reverter"). 
Similarly, an unqualified reservation of a riparian mineral estate reserves the right to future accretion.

 The deed clearly reserves all rights in the mineral estate. Because the right to increase by
accretion is part of the bundle of riparian property rights, it follows that the grantor retained that right along
with all others. We overrule Ely's first point of error.


Attorney's Fees

 Ely, by point of error two, and UPRC, by cross-point, complain that the trial court abused
its discretion by requiring each party to pay its own attorney's fees. Both Ely's petition and UPRC's third-party petition purported to bring suit under the Uniform Declaratory Judgments Act. See Tex. Civ. Prac.
& Rem. Code Ann. § 37.009 (West 1997). We will uphold the trial-court decision because (1) the action
is properly a trespass to try title suit, not a suit for declaratory judgment, and (2) even if the action could
have been brought as a suit for declaratory judgment, the record does not show an abuse of discretion.

 Texas Property Code section 22.001 provides that a "trespass to try title action is the
method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001
(West 1984). It is the exclusive remedy by which to resolve competing claims to property. See Barfield
v. Holland, 844 S.W.2d 759, 771 (Tex. App.--Tyler 1992, writ denied) (trial court erred by awarding
attorney's fees under declaratory judgment act when action was trespass to try title); Kennesaw Life &
Accident Ins. Co. v. Goss, 694 S.W.2d 115, 117-18 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.) (declaratory judgment act inappropriate vehicle to establish rights in property because trespass to
try title is only remedy); see also Yoast v. Yoast, 649 S.W.2d 289, 292 (Tex. 1983) (court of appeals
should have characterized suit disputing ownership of property as trespass to try title rather than suit for
partition). We hold that attorney's fees under the declaratory judgments act are not appropriate in a suit
that is in the nature of a trespass to try title.

 Even if the action was properly brought as a suit for declaratory judgment, the Texas
Uniform Declaratory Judgments Act allows the trial court to award reasonable and necessary attorney's
fees and costs as are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. The decision to
grant or deny attorney's fees and costs is within the trial court's sound discretion. Commissioners Court
of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Oake v. Collin County, 692 S.W.2d 454,
455 (Tex. 1985). We do not reverse the trial court's denial of attorney's fees unless the complaining party
shows a clear abuse of discretion. Agan, 940 S.W.2d at 81; Oake, 692 S.W.2d at 455. Neither Ely nor
UPRC demonstrate how the trial court abused its discretion, nor does the record reflect an abuse of
discretion. We overrule Ely's second point of error and UPRC's cross-point.

 We affirm the trial-court judgment.



 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 29, 1998

Publish
1. A meander line is a series of course and distance calls which follow the river or other natural object
or monument as closely as is practically possible for purposes of calculating the amount of land conveyed. 
When a meander line is used, the natural object or monument, such as a river, the seashore, or an
identifiable terrain feature, controls over the specific calls for course and distance. Howland v. Hough,
570 S.W.2d 876, 882 (Tex. 1978); State v. Arnim, 173 S.W.2d 503, 509 (Tex. Civ. App.--San
Antonio 1943, writ ref'd w.o.m.). Thus, meander lines of surveys of land adjacent to or bounding upon
a stream are not considered as boundaries; instead, the meander lines follow the general course of the
stream, which itself is the real boundary. Stover v. Gilbert, 247 S.W. 841, 843 (Tex. 1923); see also
Selkirk Island Corp. v. Standley, 683 S.W.2d 793, 795 (Tex.App.--Corpus Christi 1984, writ ref'd
n.r.e.). The parties do not ask us to decide whether the deed is one described by the river's meanders.

2. We note that only two other courts have addressed the issue whether a constructively severed riparian
mineral interest is subject to the doctrine of accretion. In Nilsen v. Tenneco, 614 P.2d 36 (Okla. 1980),
and Jackson v. Burlington Northern, 667 P.2d 406 (Montana 1983), the highest courts of two sister
states also resolved this issue in the affirmative.



, complain that the trial court abused
its discretion by requiring each party to pay its own attorney's fees. Both Ely's petition and UPRC's third-party petition purported to bring suit under the Uniform Declaratory Judgments Act. See Tex. Civ. Prac.
& Rem. Code Ann. § 37.009 (West 1997). We will uphold the trial-court decision because (1) the action
is properly a trespass to try title suit, not a suit for declaratory judgment, and (2) even if the action could
have been brought as a suit for declaratory judgment, the record does not show an abuse of discretion.

 Texas Property Code section 22.001 provides that a "trespass to try title action is the
method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001
(West 1984). It is the exclusive remedy by which to resolve competing claims to property. See Barfield
v. Holland, 844 S.W.2d 759, 771 (Tex. App.--Tyler 1992, writ denied) (trial court erred by awarding
attorney's fees under declaratory judgment act when action was trespass to try title); Kennesaw Life &
Accident Ins. Co. v. Goss, 694 S.W.2d 115, 117-18 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.) (declaratory judgment act inappropriate vehicle to establish rights in property because trespass to
try title is only remedy); see also Yoast v. Yoast, 649 S.W.2d 289, 292 (Tex. 1983) (court of appeals
should have characterized suit disputing ownership of property as trespass to try title rather than suit for
partition). We hold that attorney's fees under the declaratory judgments act are not appropriate in a suit
that is in the nature of a trespass to try title.

 Even if the action was properly brought as a suit for declaratory judgment, the Texas
Uniform Declaratory Judgments Act allows the trial court to award reasonable and necessary attorney's
fees and costs as are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. The decision to
grant or deny attorney's fees and costs is within the trial court's sound discretion. Commissioners Court
of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Oake v. Collin County, 692 S.W.2d 454,
455 (Tex. 1985). We do not reverse the trial court's denial of attorney's fees unless the complaining party
shows a clear abuse of discretion. Agan, 940 S.W.2d at 81; Oake, 692 S.W.2d at 455. Neither Ely nor
UPRC demonstrate how the trial court abused its discretion, nor does the record reflect an abuse of
discretion. We overrule Ely's second point of error and UPRC's cross-point.

 We affirm the trial-court judgment.



 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 29, 1998

Publish
1. A meander line is a series of course and distance calls which follow the river or other natural object
or monument as closely as is practically possible for purposes of calculating the amount of land conveyed. 
When a meander line is used, the natural object or monument, such as a river, the seashore, or an
identifiable terrain feature, controls over the specific calls for course and distance. Howland v. Hough,
570 S.W.2d 876, 882 (Tex. 1978); State v. Arnim, 173 S.W.2d 503, 509 (Tex. Civ. App.--San
Antonio 1943, writ ref'd w.o.m.). Thus, meander lines of surveys of land adjacent to or bounding upon
a stream are not