

NUMBER 13-11-00162-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EVERHART INVESTMENT TRUST,**                                        **Appellant,**

**v.**

**JON STRAND, BETH STRAND AND
RONALD GILSTAP,**                                        **Appellees.**

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Everhart Investment Trust ("Everhart") appeals the trial court's grant of appellees Jon Strand, Beth Strand, and Ronald Gilstrap's (collectively "Strand") plea to the jurisdiction and motion for sanctions. By two issues, Everhart submits that (1) the trial court erroneously granted Strand's plea to the jurisdiction; and (2) the trial court

abused its discretion in amending its final order to include sanctions against Everhart. Because we find no error and no abuse of discretion with respect to Everhart's two issues, we affirm.

## I.     BACKGROUND[1]

In 2006, the federal Internal Revenue Service ("IRS") filed a notice of tax lien[2] against Everhart as "nominee, transferee, and/or alter ego of Samuel Watson and Esther Watson" in the Bee County property records.   Later in the year, the IRS issued a levy and notice of seizure for all of the rights, title, and interest Everhart held in a 154.54 acre tract of land ("property") located in Bee County.

In December 2006, the Watsons, in the name of Everhart, filed suit in Nueces County District Court to challenge the tax lien asserted by the IRS.   Everhart then filed two more suits in 2007 in Nueces and Bee Counties, respectively, again challenging the validity of the lien.   All three state cases were subsequently removed to federal district court in the Corpus Christi Division of the Southern District of Texas.   In March 2007, the IRS sold the property at public auction to Elise M. Hoting, and in June 2007, the federal district court that handled Everhart's pending cases dismissed them for lack of subject-matter jurisdiction due to Everhart's failure to comply with statutory requirements for filing a refund suit.   See 26 U.S.C.A. § 7422 (2012).

The IRS eventually conveyed the property by quitclaim deed to Hoting in 2007, and Hoting later conveyed the property to Strand in July 2009.   In late 2010, Everhart filed a petition for trespass to try title, see TEX. PROP. CODE ANN. § 22.001 (West 2000), in

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   See TEX. R. APP. 47.4.

[2] The lien stemmed from Samuel and Esther Watsons's prior federal income tax liabilities.

2

Bee County district court alleging that the IRS's seizure and sale of the property violated Texas law and title should thus remain in Everhart's name rather than in Strand's. Strand answered Everhart's suit and filed a plea to the jurisdiction.

After an evidentiary hearing, the trial court granted Strand's plea to the jurisdiction, and, on Strand's motion, later modified its order to sanction Everhart $10,000.00 in attorney's fees. Everhart appealed.

## II. STRAND'S PLEA TO THE JURISDICTION

In his first issue, Everhart submits that the trial court erred in granting Strand's plea to the jurisdiction.

### A. Applicable Law and Standard of Review

A trial court draws its power to decide a case from its subject-matter jurisdiction, and an absence of subject-matter jurisdiction may be challenged by a plea to the jurisdiction. *See Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The purpose of a plea to the jurisdiction is to defeat a cause of action "without regard to whether the claims asserted have merit." *Id.* at 554.

The question of whether a court has subject-matter jurisdiction is a question of law that is reviewed de novo. *Tex. Dep't. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When deciding on a plea to the jurisdiction, we—like the trial court—may look beyond the pleadings and consider evidence relevant to jurisdiction in order to resolve the issues raised. *See Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). If the evidence presented creates a question of fact regarding jurisdiction, then the trial court cannot grant the plea and should allow the issue to be decided by the fact finder. *See Miranda*, 133 S.W.3d at 228. However, "if the relevant

3

evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* This review "mirrors" that of a summary judgment. *Id.* Therefore, when we review a plea to the jurisdiction, we "take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

**B.    Discussion**

Strand argued to the trial court, and reasserts on appeal, that Everhart lacked standing to bring its trespass-to-try-title suit because Everhart lacked a justiciable interest in the property. We agree.

"Standing is a pre-requisite to subject-matter jurisdiction," *Bland*, 34 S.W.3d at 553, and we focus on the question of "who may bring an action." *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). For a party to have a justiciable interest to establish standing, there must be (1) a "distinct injury to the plaintiff;" and (2) "a real controversy between the parties" which will be decided by the judicial declaration sought. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) (citing *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex. 1995)). A trespass to try title adjudicates real property rights, *see Ely v. Briley*, 959 S.W.2d 723, 727 (Tex. App.—Austin 1998, no pet.), and a "plaintiff in an action in trespass to try title must recover, if at all, on the strength of his or her own title and may not rely on the weakness of the defendant's title." *United Sav. Ass'n. of Tex. v. Villanueva*, 878 S.W.2d 619, 622 (Tex. App—Corpus Christi 1994, no pet.).

4

Here, Everhart alleged in its first amended petition that Strand entered onto its land based upon an insufficient deed acquired through an unlawful seizure. To counter, Strand introduced the following evidence to the trial court:

(1) Everhart owned the property at the time the IRS filed a notice of federal tax lien in April 2006 at the Bee County real property records, *see* 26 U.S.C.A. § 6321 (2012);

(2) In October 2006, the IRS issued a levy and notice of seizure of the property pursuant to the April 2006 lien, *see* 26 U.S.C.A. § 6331 (2012);

(3) The IRS sold the property by public auction to Hoting for $200,000.00 in March 2007 and conveyed a quitclaim deed of the property to Hoting in October 2007, *see* 26 U.S.C.A. §§ 6335, 6338 (2012); [and]

(4) Hoting granted to Strand a warranty deed to the property in July 2009.

Examining these facts in a light favorable to Everhart, we conclude that Everhart did not have standing to maintain its suit because even assuming, without deciding, that Everhart experienced an actual injury by having its property seized, Everhart failed to show that a real controversy existed between it and Strand that could be resolved through a trespass to try title suit. *See Brown*, 53 S.W.3d at 305. Our review of Everhart's pleadings, as well as the evidence put forth in the record, indicates that any controversy that may exist with regard to the method and procedure followed in the property's seizure and sale directly involves the IRS, not Strand.[3] Therefore, Everhart's lack of standing in the underlying suit deprived the trial court of subject-matter jurisdiction. *See Bland*, 34 S.W.3d at 553; *M.D. Anderson Cancer Ctr.* 52 S.W.3d at 708.

We conclude that the trial court properly granted Strand's plea to the jurisdiction

---

[3] We note that the record includes Everhart's previous filings which challenged the IRS's lien and subsequent seizure of the property. The challenges were filed in state court, later removed to federal court, and eventually dismissed for want of jurisdiction because Everhart failed to file a refund suit with the IRS as a statutory pre-requisite. *See* 26 U.S.C.A. § 7422 (2012).

5

and overrule Everhart's first issue.

### III.    SANCTIONS ORDER

In his second issue, Everhart asserts that the trial court abused its discretion in awarding sanctions in favor of Strand.

Everhart argues that "in light of the [analysis from issue one], sanctions were improper and were not within the Court's discretion to grant."   This single-sentence contention insufficiently briefs the issue.   *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).    Accordingly, without considering the merits of the issue, we conclude that it has been inadequately briefed and therefore waived.   *See id.*; *Kansas City S. v. Port of Corpus Christi Auth. of Nueces County*, 305 S.W.3d 296, 303 (Tex. App.—Corpus Christi 2009, pet. denied).

Everhart's second issue is overruled.

### IV.    CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
12th day of July, 2012.

6