Herbert **GOEBEL** and Amy Goebel, Appellants,

v.

William **BRANDLEY**, Appellee.

No. 14-01-00533-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 2002.

David J. Salinsky, Webster, for appellants.

Daniel Ward Jackson, S. Shawn Stephens, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

This is a boundary dispute case. Appellants Herbert Goebel and Amy Goebel appeal from a judgment declaring a common boundary line with appellee William Brandley, awarding attorney's fees under the Texas Declaratory Judgments Act, and awarding trespass damages. We affirm.

### I. BACKGROUND

Brandley and the Goebels owned adjoining parcels of land. In 1998, the Goebels trimmed bushes and cleared debris that they believed were located on their property and along the property line they shared with Brandley. Brandley sued the Goebels for declaratory, injunctive, and monetary relief under theories of adverse possession, trespass to try title, conversion, trespass, and willful destruction of property. Brandley sought a declaration from the trial court establishing the boundary line under the Texas Declaratory Judgments Act and Chapter 37 of the Texas Civil Practice and Remedies Code. Brandley also sought (1) a finding that he owned the property in dispute; (2) monetary damages for the Goebels' alleged trespass; and (3) attorney's fees. Brandley's surveyor located the boundary line at a location different from that found by the Goebels' surveyor.

The day of trial, Brandley abandoned his adverse possession and trespass to try title claims. After a bench trial, the court (1) held that a declaratory judgment action was an appropriate way to obtain a ruling on the right to use the property in question; (2) established a boundary line; and (3) awarded trespass damages, attorney's fees, and surveyor expenses to Brandley. The Goebels filed a motion for new trial challenging these rulings, which the trial court denied. The Goebels now appeal, raising four points of error.

### II. ISSUES PRESENTED FOR REVIEW

In their first point of error, the Goebels contend the trial court erred in holding that a declaratory judgment action was an appropriate way to resolve a boundary-line dispute. In their second point of error, the Goebels contend the trial court erred in awarding Brandley attorney's fees and surveyor's expenses. In their third point of error, the Goebels contend the trial court erred by going outside the record to find that some of the bushes the Goebels

trimmed were "protected vegetation." In their fourth and final point of error, the Goebels contend the trial court erred in entering a form of judgment that combined all contingent appellate attorney's fees and provided for a remittitur if the Goebels did not take certain appeals. We address each point separately.

## A. Is a Declaratory Judgment Action Proper for a Boundary Dispute?

■ In their first point of error, the Goebels contend the trial court erred by holding that a declaratory judgment action was an appropriate way to resolve a boundary-line dispute. The Goebels assert that this dispute involves competing claims for the same property; therefore, it must be resolved by a trespass to try title action, which Brandley abandoned the day of trial. The Goebels further contend that the discrepancy between two surveys performed by their respective surveyors led to a dispute over which party owned a strip of land near an old fence from which the Goebels removed some posts. The Goebels argue that (1) both the Brandley and Goebel deeds and surveys reference the dividing boundary line by calling it the "north Lubbock line"; (2) Brandley's property is on the north side of the line while the Goebels' property is south of the line; (3) one of the issues at trial was the location of the north Lubbock boundary line; and (4) because the two testifying surveyors found different locations for the boundary line, ownership of the six to twelve inch by 287 foot strip was in dispute.[1]

■ The Goebels contend the trial court awarded Brandley full title to the disputed land by accepting the testimony of Brandley's surveyor and *declaring* the boundary line. In their brief, they assert "[i]t is well established law in Texas that boundary

line disputes are to be resolved through a trespass to try title action." We disagree. None of the cases cited by the Goebels support their contention. *See, e.g., Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex.1982) (holding boundary disputes *may* be tried by the statutory trespass to try title action); *Plumb v. Stuessy*, 617 S.W.2d 667, 669 (Tex.1981) (reiterating the well-established rule that boundary disputes *may* be tried by the statutory action of trespass to try title); *Ely v. Briley*, 959 S.W.2d 723, 727 (Tex.App.—Austin 1998, no pet.) (holding that attorney's fees under the declaratory judgments act are not appropriate in a suit that is in the nature of a trespass to try title); *VanZandt v. Holmes*, 689 S.W.2d 259, 261–62 (Tex.App.—Waco 1985, no writ) (holding that when there would have been no case but for the question of boundary, the case is necessarily a boundary suit even though it may involve questions of title); *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex.Civ.App.—Corpus Christi 1978, no writ) (holding that the "action of trespass to try title embraces all character of litigation that affects the title to real estate . . . . [and that d]isputes as to boundaries may also be determined in trespass to try title suits."). To the contrary, Texas law provides that boundary-line disputes *may* be resolved through a trespass to try title action. *Hunt*, 643 S.W.2d at 679; *Plumb*, 617 S.W.2d at 669.

The Texas Supreme Court, albeit in dicta, has acknowledged the propriety of using a declaratory judgment action to determine a boundary line. *Brainard v. State*, 12 S.W.3d 6, 29 (Tex.1999) ("This particular action [a boundary dispute] contemplates the determination and establishment of the boundary line (as would a declaratory judgment action), but not the

---

1. Brandley's surveyor testified the boundary line was more toward the Goebels' property while the Goebels' surveyor testified the line was more toward Brandley's property.

award of damages or attorney's fees (as could a declaratory judgment action).""). In *Brainard*, the Court explained that the legislative resolution that gave certain landowners permission to sue for determination of the boundary line did not authorize the landowners to bring a claim under the Declaratory Judgments Act, which could ultimately result in an award of attorney's fees. The Court "recognize[d] that such a claim is certainly one way to resolve a boundary dispute," however, the resolution limited the suit to a judicial determination of the boundary. *Id.* at 29.

■ The Goebels also contend that the trial court necessarily *declared title* to real property in this case by declaring a boundary line when (1) neither party knew the exact location of the boundary; (2) two surveyors found different, overlapping locations for the boundary line on the ground; and (3) both parties had competing claims for the same strip of land. If the trial court had declared title to the property, a trespass to try title action (not a declaratory judgment action) would have been the appropriate suit to bring.[2] However, the Goebels have cited no authority to support their contention that a court declares *title* to property when it simply declares the location of the boundary between adjoining properties. In fact, appellants have acknowledged that deeds to the parties' properties had not been changed. This admission belies appellants' argument that title to the disputed property changed with the court's declaration of the boundary location.

We agree with the Goebels that Brandley may not obtain a determination of title by filing a declaratory judgment action—in hopes of receiving an award of attorney's fees—but find that Brandley's claim merely constituted a request that the trial court declare the boundary's location. Therefore, we find that Brandley properly brought his claim as a declaratory judgment action. *See Brainard*, 12 S.W.3d at 29.

We overrule the Goebels' first point of error.

## B. Finding Outside Record

In their third point of error, the Goebels contend the trial court erred by going outside the record to find that some of the bushes the Goebels trimmed were "protected vegetation." The trial court found that because Brandley's land is noticeably lower than the Goebels', protection of his property requires protection of the vegetation and that "in most areas fronting tidal creeks such vegetation is protected."

■ In reviewing "no evidence" issues, we consider only the evidence and reasonable inferences that support the finding in question and disregard all evidence and inferences to the contrary. *Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 838 (Tex.1997). If we find any evidence of probative force to support the finding, we overrule the point and uphold the finding. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997) (citing *S. States Transp., Inc. v. State*, 774 S.W.2d 639, 640 (Tex.1989)).

■ Reviewing the record in the light most favorable to the award, we find some

---

**2.** Texas Property Code section 22.001 provides that a "trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2000). It is the exclusive remedy by which to resolve competing claims to property. *Ely v. Briley*, 959 S.W.2d 723, 727 (Tex.App.—Austin 1998, no pet.); *see Barfield v. Holland*, 844 S.W.2d 759, 771 (Tex.App.—Tyler 1992) (trial court erred by awarding attorney's fees under declaratory judgments act when action was trespass to try title).

evidence to support the portion of the trial court's finding that Brandley's land is lower than the Goebels' and that vegetation is required for protection. Mr. Brandley testified, without objection, that (1) his property was "lower than the Goebels' property"; (2) "the foliage there is a good windbreak and the roots help hold the soil"; (3) water from a nearby canal enters his property, which causes erosion; and (4) an old wood support between their properties kept the ground from eroding further. Viewing this evidence in the light most favorable to the verdict, and disregarding all evidence to the contrary, we find more than a scintilla of evidence to support this portion of the court's finding. *See Minn. Min. and Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 738 (Tex.1997).

■ Even if the remaining portion of the finding—that "in most areas fronting tidal creeks such vegetation is protected"—is incorrect, we are not convinced that it impacted the trial court's verdict. An incorrect finding of fact or conclusion of law does not warrant a reversal if the judgment is otherwise correct. *Vaughn v. DAP Fin. Servs., Inc.*, 982 S.W.2d 1, 6 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (citing *Able v. Able*, 725 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)). Reversal is only proper when the reviewing court is convinced that a different verdict would have been rendered but for the error. *Id.*

We overrule the Goebels' third point of error.

### C. Attorney's Fees and Surveyor's Expenses

■ In their second point of error, the Goebels contend the trial court erred in awarding Brandley all of his attorney's fees and surveyor's expenses because Brandley did not segregate the fees and expenses incurred in pursuing the declaratory judgment action (which allows for recovery of attorney's fees) from the remaining claims [3] that he abandoned the day of trial (none of which allow recovery of attorney's fees). The Goebels further complain that the discretionary fees awarded to Brandley were neither equitable nor just as required under section 37.009. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997).

■ Generally, the party seeking to recover attorney's fees must offer evidence of fees associated with the causes of action for which attorney's fees may be recovered. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991). "[A]n award of attorney's fees erroneously based upon evidence of unsegregated fees requires a remand." *Id.* at 11 (citing *Int'l Sec. Life Ins. Co. v. Finck*, 496 S.W.2d 544, 546–47 (Tex.1973)). "A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.'" *Id.* at 11 (quoting *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex.App.—Dallas 1987, writ denied)). Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney's fees may recover the entire amount covering all claims. *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.—Houston [14th Dist.]

---

**3.** Brandley filed this lawsuit also claiming adverse possession, trespass, and trespass to try title.

1989), *modified,* 797 S.W.2d 31 (Tex.1990) (remanded to the trial court for reexamination of attorney's fee award).

All the claims brought by Brandley were based upon the location and determination of the boundary line separating his property from that of the Goebels. Accordingly, we conclude the exception to the segregation duty applies. Therefore, Brandley was not required to segregate attorney's fees incurred in the declaratory judgment from other claims. We next address the Goebels' complaint that the attorney's fees awarded were neither equitable nor just.

 Section 37.009 provides that the trial court may award costs as well as reasonable and necessary attorney's fees that are equitable and just. *See* § 37.009. The trial court has broad discretion to determine whether to grant costs and attorney's fees under the Declaratory Judgments Act, and we will not reverse that judgment on appeal absent a clear showing of abuse. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). We view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *PPG Indus., Inc. v. JMB/Houston Ctr. Partners Ltd. P'ship,* 41 S.W.3d 270, 285 (Tex.App.—Houston [14th Dist.] 2001, no pet. h.).

 The Goebels contend that the award of attorney's fees in this case was inequitable because Brandley made no attempt to follow the requirements of a ten-day written notice rule for adverse possession claims provided in section 16.034 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.034(b) (Vernon 1986). The Goebels acknowledge that Brandley abandoned his adverse possession claim before trial began but urge that we consider his lack of compliance with the adverse possession advance notice requirement in assessing the equities of awarding attorney's fees to Brandley for

his declaratory judgment claim. The Goebels assert that the purpose of the notice rule is "to advise one's neighbor of the dispute and try to resolve it before expensive litigation is pursued." The Goebels urge us to · hold that a plaintiff filing a declaratory judgment action should follow the ten-day notice requirements applicable to adverse possession claims before recovering attorney's fees on a declaratory judgment claim. The Goebels have provided no authority or argument to support such a holding; therefore, we decline to create or enforce the proposed rule.

More importantly, the Goebels failed to identify anything in the record that indicates the trial court did not consider equity in awarding attorney's fees to Brandley. The trial court, for example, found that Brandley did not provide any advance written notice to the Goebels about any dispute over the location of the boundary line but that "circumstances existed which warranted emergency relief." The Goebels have provided no reason why we should second-guess this finding by the trial court.

Accordingly, we overrule the Goebels' second point of error.

### D. Contingent Appellate Attorney's Fees

 In their fourth point of error, the Goebels contend the trial court erred in entering a form of judgment that combined all contingent appellate attorney's fees and provided for a remittitur if the Goebels decided not to file an appeal. More specifically, the Goebels complain that the judgment awards the full amount of damages, including all attorney's fees through a final appeal to the Texas Supreme Court, without stating that the additional attorney's fees are contingent upon Brandley's success on appeal.

 The Goebels correctly argue that an unconditional award of attorney's fees

is improper. *See Sipco Servs. Marine, Inc. v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 607–08 (Tex.App.—Houston [1st Dist.] 1993, no writ). But in reviewing the trial court's judgment, we find that the attorney's fees award was in fact conditioned on Brandley's success on appeal. The judgment provides for an award of attorney's fees of $45,683.52 but further provides that if the Goebels do not file an appeal, the award decreases to $26,933.52. The judgment further provides that, if the Goebels do appeal and are unsuccessful but do not file a motion for rehearing with the appellate court or a petition for discretionary review with the Texas Supreme Court, the attorney's fees would be $36,933.52. Finally, the judgment provides for increase of attorney's fees to $40,683.52 if the Goebels unsuccessfully file a motion for rehearing in the court of appeals or the Supreme Court denies their petition for review.

Having found that the award of additional attorney's fees to Brandley is conditioned on prevailing at the appellate level, we overrule the Goebels' fourth and final point of error.

All points of error having been overruled, we affirm the trial court's judgment.