Affirmed and Opinion filed July 25, 2002














Affirmed and
Opinion filed July 25, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-01342-CV

_______________

 

JOSE MARIA
LOERA and ELBAR INVESTMENTS, INC., Appellants

 

V.

 

INTERSTATE INVESTMENT CORPORATION, Appellee

______________________________________________________

 

On Appeal from
the 165th District Court

Harris County, Texas

Trial Court
Cause No. 96-41626

______________________________________________________

 

O P I N I O N

 

            This appeal concerns ownership of
excess proceeds from a tax foreclosure sale. 
We affirm.

I.  Background

            Appellant Jose Maria Loera was delinquent in paying ad valorem
taxes on residential real estate he owned in Houston, Texas.  After the trial court entered judgment
against Loera and in favor of the taxing units, Loera’s property was sold at a tax foreclosure sale.  The excess proceeds from the sale amounted to
approximately $23,000.  Within days after
the tax sale, appellee Interstate Investment
Corporation (“Interstate”) advised Loera that he
might be entitled to receive money from the court registry.  Appellee’s
principal, Nanik Bhagia,
offered to “help” Loera obtain the money.  Specifically, Bhagia
offered Loera $1,000 in exchange for his signature on
an assignment and quitclaim deed of all Loera’s
rights in the property.  Bhagia also promised Loera an
additional $6,000 if Bhagia were able to obtain the
excess proceeds from the Court registry. 
Bhagia did not indicate to Loera
how much money would likely be deposited into the court registry.  Loera believed the
property was worth less than the taxes owed and accepted Bhagia’s
offer.  In 1999, Loera
signed (1) a receipt for the $1,000 he received from Interstate and (2) a deed
and assignment for the excess proceeds to go to Interstate.  

            Sometime after the transaction with
Interstate, the president and principal of appellant Elbar
Investments, Inc., Eli Klaimy, offered to help Loera recover funds in the court registry.  On August 17, 1999, Loera
signed an assignment of the excess proceeds to Elbar.[1] 

            In August of 1999, both Interstate
and Elbar filed motions with the trial court
seeking  distribution of the excess
proceeds.  A tax master heard the motions
and issued a report finding that (1) both Bhagia and Klaimy had engaged in the unauthorized practice of law and
(2) their agreements with Loera were illegal, against
public policy, and unenforceable as a matter of law.  He recommended that payment be made to the
taxing units for any taxes and related penalties and interest due or delinquent
from the judgment in the underlying case and recommended that $1,000 be paid to
Interstate, $2,000 to Elbar, and any remaining amount
to Loera. 

 class=Section2>

            Both Elbar
and Interstate appealed the Tax Master’s Report to the state district
court.  The trial court found that Loera did not file an appeal from the Tax Master’s Report,
file a motion requesting that the excess proceeds be distributed to him, or
file any pleading with the trial court seeking to set aside either
assignment.  The court further found that
Loera did not claim fraud in the inducement, unconscionability or violations of the Texas Deceptive
Trade Practices-Consumer Protection Act (“DTPA”) , and did not claim that
either Interstate or Elbar engaged in the
unauthorized practice of law.  Finally,
the court ordered that the taxing units first recover from the court’s registry
taxes due, along with penalties, interest, attorney’s fees and costs, under an
agreed order the court had already signed. 
The court next ordered that Interstate recover $20,577.06 from the
court’s registry and that, within thirty days of receiving this disbursement,
Interstate pay Loera $6,000.

            Loera now
raises two points of error and a supplemental issue in this appeal.  We address appellants’ supplemental issue
first.  

II.  Invalidity of Loera’s Assignment to Interstate

            Appellants argue that Loera’s assignment to Interstate is invalid because (A) an
amendment to Texas Tax Code section 34.04 renders Loera’s
pre-amendment assignment to Interstate void and (B) Interstate violated the
DTPA and breached its fiduciary duty—arising out of a principal-agent
relationship—to Loera.

 

 

A.  Voidability
– Statutory Amendment

            Texas Tax Code section 34.04 governs
claims to excess proceeds from a tax sale.
 See
Tex. Tax Code Ann. § 34.04 (Vernon 2001).  While this case was pending on appeal[2] and
effective September 1, 2001, the Texas Legislature amended section 34.04 to add
subsections (f), (g), and (I).  These
subsections specifically address assignment of a property owner’s claim to
excess proceeds and the fee a person may charge an owner to obtain excess
proceeds:

(f)        A person may not take an assignment of an owner’s claim to
excess proceeds unless:

(1)       the assignment is taken on or after the 36th day after the
date the excess proceeds are deposited in the registry of the court;

                        (2)       the
assignment is in writing and signed by the assignor;  and

                        (3)       the
assignment document contains a sworn statement by the assignor affirming:

                                    (A)      that the assignment was given voluntarily;

(B)      the date on which the assignment was made and that the date was
not earlier than the 36th day after the date the excess proceeds were deposited
in the registry of the court;

(C)      that the assignor has received the notice from the clerk
required by Section 34.03;

                                    (D)      the nature and amount of consideration given for the assignment;

(E)       the circumstances under which the excess proceeds are in the
registry of the court;

                                    (F)       the amount of the claim to excess proceeds in the registry of
the court;

(G)      that the assignor has made no other assignments of the
assignor’s claim to the excess proceeds; 
and

                                    (H)      that the assignor knows that the assignor may retain counsel.

(g)       An assignee who obtains excess proceeds without complying with
Subsection (f) is liable to the assignor for the amount of excess proceeds
obtained plus attorney’s fees and expenses.

            . .
. .

(I)        A fee charged to obtain excess proceeds for an owner may not
be greater than 25 percent of the amount obtained or $1,000, whichever is less.

 

Tex. Tax
Code Ann. § 34.04(f), (g), and (I). 

            Appellants do not complain that Loera’s assignment violates the unamended
statute; their complaint below (discussed infra) was that the assignment to
Interstate is voidable for reasons other than
non-compliance with the unamended statute.  In their supplemental issue, appellants
contend Loera’s pre-amendment assignment violates the
amended 34.04(f) requirements and is
rendered void as a matter of law.  See id. § 34.04(g) (as amended) (“An
assignee who obtains excess proceeds without complying with Subsection (f) is
liable to the assignor for the amount of excess proceeds obtained plus
attorney’s fees and expenses.”). 
Assuming the pre-amendment assignment was governed by amended section 34.04(f), Interstate
would be liable to Loera “for the amount of excess
proceeds obtained plus attorney’s fees and expenses.” See id.

            Appellants
argue that the Texas Legislature has specifically
provided for the applicability of the amended section 34.04 to this
post-judgment case pending on appeal by virtue of its enabling
language—instructing that section 34.04, “as amended by this Act, appl[ies] to the disposition of
excess proceeds from a property tax foreclosure or a summary sale of seized
property, regardless of the date on which
the judgment was rendered, the tax sale was conducted, or the deposit of proceeds
with the court was made” (emphasis added). Tex. Tax Code Ann. § 34.04 historical note (Vernon 2001) [Act
of June 17, 2001, 77th
Leg., R.S., ch. 1430, § 44, 2001
Tex. Gen. Laws 5109, 5122]. 

            While we agree with appellants’
assertion that we must apply the amended law as intended, we do not interpret
the amendment’s enabling language to apply when an order to disburse the
proceeds has already been issued under pre-amendment section 34.04, as in this
case.  Whether the amendment applies to
cases in which there has already been an order releasing the excess proceeds
appears to be one of first impression.[3]

            The enabling language restricts
application of the amendment to cases in which a disposition of the excess
proceeds is yet to occur:  “Section[] . .
. 34.04, Tax Code, as amended by this Act, appl[ies] to the disposition of excess
proceeds from a property tax foreclosure . . . .”.  Tex.
Tax Code Ann. § 34.04 historical note. 
However, in this case, the disposition of excess proceeds had already
occurred insofar as the trial court had already issued an order disbursing
funds held in its registry.  See Tex.
Tax Code Ann. § 34.03 (Vernon 2001) (governing the disposition of excess
proceeds).

            Accordingly, we hold that amended
section 34.04 does not apply to this case and that Loera’s
pre-amendment assignment of rights to Interstate has not been rendered void by
the Legislature’s post-judgment amendment to section 34.04.

            We overrule appellants’ supplemental
point of error.

B.  Voidability – DTPA
and Fiduciary Duties

            Appellants assert in their second
point of error that Loera’s assignment to Interstate
is voidable, based on a violation of the DTPA and a
breach of fiduciary duty arising out of a principal-agent relationship between Loera and Interstate. 
Although appellants’ motion for new trial mentions the DTPA and
fiduciary duty, none of appellants’ pleadings or argument to the trial court
refers to these causes of action.  Loera and Elbar rely on their
Second Amended Motion to Pay Excess Proceeds and Cancel Assignment to
Interstate Investment Corporation (“Second Amended Motion”) as evidence that
these grounds had been raised in the pleadings before the trial court.  In the Second Amended Motion, appellants
alleged that Interstate did not:

$          provide Loera
a copy of the documents he and Interstate signed,

$          fully disclose “the entire foreclosure
process,” or

$          disclose the amount of the excess
proceeds.  

To recover
under the DTPA, a plaintiff must establish that (1) he was a consumer of the
defendant’s goods or services; (2) the defendant committed false, misleading,
or deceptive acts in connection with the lease or sale of goods or services;
and (3) such acts were a producing cause of actual damages to the plaintiff.  See
Tex. Bus. & Commerce Code Ann. §
17.50(a) (Vernon Supp.
2002); Metro. Life Ins. Co. v. Haney,
987 S.W.2d 236, 242 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Brown v. Bank of Galveston, N.A., 963 S.W.2d 511, 513 (Tex.
1998)).  To establish a breach of
fiduciary duty, appellants must prove that such a fiduciary duty existed.  

            Even if Loera
and Elbar established that Interstate failed to make
such disclosures, there was no allegation or proof of the remaining elements
for these causes of action.  The parties
never raised issues (before judgment was rendered) about whether Loera was a consumer or whether a principal-agent
relationship had been established.  The
DTPA and breach of fiduciary duty theories were never pleaded, were not issues
in trial, nor were they the subject of a request for a finding of fact or
conclusion of law.  Appellants cannot
rewrite their pleadings to allege new causes of action for the first time in a
motion for new trial.  “It is well-settled
that an appellate court should not decide a case on a theory different from
that on which it was pleaded and tried.”  Wiley-Reiter Corp. v. Groce,
693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ). 

            Because these complaints came too
late, Loera and Elbar
failed to preserve any error. See Tex .R. App. P. 33.1(a); see
also El Paso Envtl. Sys., Inc. v. Filtronics, Inc., 609 S.W.2d 810, 813 (Tex. Civ. App.—El Paso 1980, writ refused n.r.e.),
disapproved on other grounds, Preston Farm & Ranch Supply, Inc. v.
Bio-Zyme Enters., 625 S.W.2d 295, 300 (Tex. 1981)
(finding usury issue raised for first time in motion for new trial was too
late).

            We overrule appellants’ second point
of error.

 

III. Erroneous Findings of
Fact and Conclusions of Law

            Finally, in their first point of
error, appellants contend the trial court erred in finding that Loera (1) did not file any motion to request the excess
proceeds or file any pleading to set aside the assignment to Interstate and (2)
did not appeal from the Tax Master’s Report.

            Loera
argues, and we agree, there is no evidence to support the first finding because
in a Second Amended Motion to pay Excess Proceeds and to Cancel Assignment to
Interstate Investment Corporation—brought by both Loera
and Elbar—Loera pled that
his assignment to Interstate should be cancelled because the papers he signed
were void due to Interstate’s  failure to
give Loera a copy of the papers he signed and
Interstate’s failure to disclose the “entire foreclosure process and excess
proceeds.”  Therefore, we find the trial
court erred in making this finding.

            An incorrect finding of fact or
conclusion of law does not warrant a reversal if the judgment is otherwise
correct.  Goebel v. Brandley, 76 S.W.3d 652, 657 (Tex. App.—Houston [14th
Dist.] 2002, no pet.).  Reversal is
proper only if a different verdict would have occurred but for the error.  Vaughn
v. DAP Fin. Servs., Inc., 982 S.W.2d 1, 6 (Tex.
App.—Houston [1st Dist.] 1997, no pet.). 


            Whether the trial court correctly
found that Loera filed a pleading (1) to request the
excess proceeds or (2) to set aside the assignments to Interstate is not
determinative of whether Interstate had a right to the excess proceeds;
therefore, we may not reverse because a different verdict would not have
resulted from correction of the court’s finding.

            Moreover, Loera
acknowledges in his appellate brief that he did not file an appeal to the
referring court from the Tax Master’s Report. 
The trial court’s finding in that regard, therefore, is correct.  However, Loera
maintains that the trial court erred because he was not required to appeal from
the Tax Master’s Report having prevailed before the Tax Master:  “It was error for the district court to find
or conclude that Loera could not obtain relief in the
district court on appeal because Loera did not file a
Notice of Appeal as the prevailing party in the Tax Master’s Report.”  For this assertion, Loera
cites us to a specific page of the trial court’s findings of fact.  We did not find that the trial court, in
fact, found or concluded that Loera could not obtain
relief in the district court on appeal.[4]  Accordingly, we find that this assertion
lacks merit.  

            We overrule appellants’ first point
of error.

            We affirm the judgment of the trial
court.

 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 25,
 2002.

Panel
consists of Chief Justice Brister and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.3(b).

 











            [1]  The document provides that Loera assigned “all of his right, title, interest and claim
in the deposit and/or excess proceeds in the above entitled and numbered cause”
to Elbar.  In
the same document, Loera stated that he had not
conveyed to any third party or otherwise divested himself of his right to the
excess proceeds or deposit except “one or more papers” he signed for Bhagia or Interstate. 
Loera also stated neither Interstate nor Bhagia (1) gave him a copy of any papers he signed for
Interstate or (2) fully disclosed the amount of the excess proceeds or the tax
foreclosure process.  In an agreement
signed by Klaimy and Loera,
they opine that any papers Loera signed for
Interstate are void, and Loera stated his willingness
to return the $1,000 to Interstate in exchange for cancellation of the papers
he signed.  The agreement also recites
that Elbar paid Loera $2,000
for a deed to the property, the assignment and the agreement.





            [2]  Final judgment was signed and notice of
appeal filed in 2000.





            [3]  Our research indicates that this is the first
published case to interpret the reach of the 34.04 amendment.





            [4]  Furthermore, we note that appellants’ failure
to appeal the Tax Master’s Report to the referring court did not deprive them
of the right to appeal or request relief from our appellate court and similarly
will not affect the right to appeal or request relief from the Texas Supreme
Court.  See Tex. Tax Code Ann.
§ 33.74(I) (Vernon 2002) (“The failure to appeal to the referring court, by
waiver or otherwise, a master’s report that is approved by the referring court
does not deprive any party of the right to appeal to or request other relief
from a court of appeals or the supreme court.”).