In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00135-CV


______________________________




DANNY D. LILE, Appellant



V.



DON SMITH AND WIFE, SHIRLEY SMITH, Appellees




 


On Appeal from the 62nd Judicial District Court


Delta County, Texas


Trial Court No. 10174




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Don Smith and wife, Shirley Smith, brought suit against Danny Lile and wife, Paulette Lile,
under the Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code),
asking for a declaration that the Smiths were the owners of certain lands; at the conclusion of the
trial before the court, a judgment was entered declaring that the legal and equitable title of the
disputed lands belonged to the Smiths. Lile (1) has appealed. We reverse the judgment of the trial
court and render a take-nothing judgment. 

ORIGIN OF DISPUTE

 The seed of this dispute was planted in 1967 when a receiver in a partition suit was appointed
to sell certain real estate, including a called thirty-acre tract in the Southern L. Rattan Survey of Delta
County, Texas. In the deed executed by that receiver and approved by the judge of the court
appointing him, there was additional property included in the receiver's deed which was not
contained in the order directing the receiver to sell that additional property measuring forty feet in
width and 2,250 feet, more or less, in length which traveled northerly from the northwest corner of
the thirty-acre tract to an east/west county road. No evidence was presented that there was any
record source of the title to the strip of land (or "lane") received by the receiver and there was no
explanation given for its insertion into the receiver's deed. (2) There was a regular chain of title of this
thirty-acre tract and the lane beginning with the 1967 receiver's deed and ending in a 1994 deed to
the Smiths.

 During the period of 1994 through 1996, Lile acquired tracts of land situated immediately
to the north of the thirty-acre tract which was traversed by the strip of land to which reference is
made above. The location of the lane mentioned in the 1967 receiver's deed conflicted substantially
with the lands acquired by Lile.

 In 1996, Lile and the Smiths shared the cost of the construction of a fence along the west
boundary of the strip of land in controversy. Lile had his property surveyed in 2002.

 In 2006, Lile sent a letter to the Smiths which stated that although Lile had given consent for
the use of the lane in the past, that consent was being withdrawn. The letter further advised the
Smiths to inform their renters (who were then using the property) to cease its use. Lile then fenced
both the north and south termini of the lane and locked the entrance of the lane property onto the
county road. This lawsuit was filed shortly after this was done.

PLEADINGS AND PROCEEDINGS AT TRIAL

 The Smiths' initial petition contained only a plea for declaratory judgment relief, seeking a
declaration that the Smiths were the owners of the property and that Lile had wrongfully denied them
access to it; they also sought the recovery of attorney's fees. In his original answer, Lile made
exception to the petition, claiming that declaratory judgment was not proper under the circumstances
and that the appropriate cause of action was trespass to try title. Without obtaining a ruling on the
exception and after the expiration of some months, Lile then made a demand for abstract. (3) Lile never
made a pretrial request that the Smiths be barred from introducing written evidence of their claim
as provided in Rule 792. See Tex. R. Civ. P. 792.

 Only two days before trial, the Smiths amended their pleadings, reiterating their same claims
for recovery under declaratory judgment, but adding an alternative pleading in trespass to try title. 
However, at the outset of the trial before the court, the Smiths announced that they were abandoning
their trespass to try title pleadings and proceeding solely under the remaining declaratory judgment
action. After testimony was given, the trial court entered a judgment declaring that the Smiths were
the owners of the legal and equitable title to the land in question and that Lile had wrongfully denied
them access to it.

SUIT AS AN ACTION FOR DECLARATORY JUDGMENT

 Lile's first point of error complains that the trial court had no authority to enter the
declaratory judgment finding the Smiths to be the owners of the property.

 By statutory mandate, "A trespass to try title action is the method for determining title to
lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001(a) (Vernon 2000); Rogers
v. Ricane Enters., Inc., 884 S.W.2d 763, 768 (Tex.1994). Trespass to try title is the exclusive
remedy by which to resolve competing claims to property. Ely v. Briley, 959 S.W.2d 723, 727 (Tex.
App.--Austin 1998, no pet.); Kennesaw Life & Accident Ins. Co. v. Goss, 694 S.W.2d 115, 117-18
(Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.). The exclusivity of this remedy and the
pleading requirements which accompany it are long standing and well established in Texas. "The
action of trespass to try title is the only formal civil action known to our law, and the statute states
substantially what the form shall be." Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, 325 (1890). The
suit in trespass to try title is unique and governed by rather precise rules regarding its pleading and
prosecution (Tex. R. Civ. P. 783-809), the violation of which can be fatal to the suit. 

 Perhaps due to fear of venturing into what might be uncharted territory for many attorneys
or due to an effort to seek recovery of attorney's fees, (4) it is not uncommon for litigants to attempt to
circumvent an action in trespass to try title by proceeding under the pleading format of a petition for
declaratory judgment. 

 For many years in Texas, although the subject matter of a suit for declaratory judgment did
not include boundary disputes as to land, it did have the following inclusion: "A person interested
under a deed, will, written contract, or other writings constituting a contract . . . may have determined
any question of construction or validity arising under the instrument . . . and obtain a declaration of
rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a)
(Vernon 2008). This statute led some to attempt to employ the vehicle of a declaratory judgment
action in circumstances which had been previously the sole province of trespass to try title,
particularly in suits involving boundary disputes between adjoining property owners. The apparently
finite distinctions necessary to determine between issues which may have been tried as a declaratory
judgment action or which must have been tried as a trespass to try title suit led to conflicting
conclusions in cases decided by this Court and at least one other. In Goebel v. Brandley, 76 S.W.3d
652 (Tex. App.--Houston [14th Dist.] 2002, no pet.), the holding was that a boundary dispute was
proper grist for a declaratory judgment action. This Court contrarily determined that since such a
dispute involved resolution of the title to lands, it was necessary that such an action be brought as
a trespass to try title action. Amerman v. Martin, 83 S.W.3d 858 (Tex. App.--Texarkana 2002),
aff'd, 133 S.W.3d 262 (Tex. 2004). The Texas Supreme Court resolved the conflict by agreeing with
this Court that an action to determine a boundary may not be brought as a declaratory judgment, but
must be prosecuted as a trespass to try title suit. Amerman, 133 S.W.3d 262. However, in 2007, the
Legislature then added a subsection (c) to Section 37.004 of the Texas Civil Practice and Remedies
Code, specifically permitting a boundary dispute to be litigated as a declaratory judgment action,
apparently negating that ruling. 

 Texas courts have zealously guarded the antique suit of trespass to try title, one court even
recently ruling that an action to determine the identity of the party possessing the executive rights
under a reservation of oil and gas mineral estate could not be brought as a declaratory judgment
action, but could only be prosecuted as a suit in trespass to try title. Veterans Land Bd. v. Lesley,
No. 11-07-00034-CV, 2009 Tex. App. LEXIS 382 (Tex. App.--Eastland Jan. 22, 2009, pet. filed).

 One must look to determine if the heart of the controversy is to determine a boundary or
whether its true aim is to determine the title to land. "The proper test for determining if the case is
one of boundary is as follows: If there would have been no case but for the question of boundary,
then the case is necessarily a boundary case even though it might involve questions of title." Plumb
v. Stuessy, 617 S.W.2d 667, 669 (Tex. 1981). There is no indication that the controversy in this case
arose in a dispute over the location of a boundary. The Smiths' petition made no such claim but,
rather, sought a declaration that they were the "owners" of the disputed property by virtue of a deed
and granting them "ownership" of the property. The evidence at trial supported no claim of a
disputed boundary; rather, Don Smith's testimony was that fences were erected jointly by the Smiths
and Lile on an agreed situs along the long east and west boundaries of the disputed property. The
final judgment evidences no claim to resolve a boundary dispute; rather, it simply purports to find
the "legal and equitable title [of the lane the subject of the lawsuit] . . . lies in Plaintiffs, Don Smith
and wife, Shirley Smith . . . ." There was, therefore, no existing boundary question which gave rise
to a claim under the newest amendment to the declaratory judgment act. Tex. Civ. Prac. & Rem.
Code Ann. § 37.004(c) (Vernon 2008). 

 Plainly, the issue was not one of the location of a boundary but was, instead, the
determination of the title to a well-defined parcel of land. As such, the action could not have been
prosecuted as a declaratory judgment action, but must, instead, have been the subject of a suit in
trespass to try title. 

 Since the exclusive remedy available to the Smiths was in trespass to try title and not in
declaratory judgment, we sustain Lile's first point of error. 

FAILURE TO FIND FOR APPELLANT IN TRESPASS TO TRY TITLE

 Lile next complains that although he presented sufficient evidence to support a finding that
he was the owner of the tract of land in dispute, the trial court erred in not having granted judgment
to him for the title and possession of the property. 

 Although Lile's appellate brief mentions "[his] trespass to try title action," the record does
not reveal that Lile filed any such pleading seeking affirmative relief.

 Had this been brought by the Smiths as a trespass to try title action, and if the Smiths had
failed to meet the requisite standard of proof to sustain that claim, then it would have been proper
for the trial court to have entered a take-nothing judgment against them. The effect of a take-nothing
judgment in a suit for trespass to try title is to vest whatever claim or title to the lands which the
plaintiff possesses in the defendant. This harsh rule has remained the law in Texas for well over a
century. French v. Olive, 67 Tex. 400, 3 S.W. 568 (1887); Permian Oil Co. v. Smith, 129 Tex. 413,
73 S.W.2d 490 (1934), Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961). Even had the suit been
brought and prosecuted by the Smiths as a suit in trespass to try title and had failed to prove title to
be vested in them, in the absence of an affirmative plea for relief, a proper judgment would have
been a take-nothing judgment. 

 However, Lile has successfully argued that the Smiths' sole available remedy rested in
bringing an action in trespass to try title, a claim which was abandoned by them before trial
commenced. There is no doubt that a suit in trespass to try title was not before the court. 

 Further, the record does not reflect that Lile brought any counterclaim or other action in
trespass to try title or for any other affirmative relief. Rather, his claims were solely defensive in
nature. 

 The Rules under which Texas courts operate require that the "judgment of the court shall
conform to the pleadings, the nature of the case proved and the verdict." Tex. R. Civ. P. 301. A
party may not be granted relief in the absence of pleadings to support that relief. Cunningham v.
Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983); Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.
1979).

 Lile, having not filed pleadings requesting relief in trespass to try title, cannot now complain
that the judgment does not grant him that relief.

 We overrule this point of error.

 Although Lile has raised a point of error regarding the admission of evidence over his hearsay
objection, the two rulings above are dispositive of the case. Accordingly, we need not address the
evidence objection.

 We reverse the ruling of the trial court and render a judgment that the Smiths take nothing
under their action for declaratory judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: June 11, 2009

Date Decided: June 12, 2009

1. Danny Lile testified at trial that his spouse had died, that he was her sole heir, and stated that
he was content to proceed solely. No objection was raised by the Smiths and no suggestion of death
was filed by either party. Henceforth, references to those parties will be in the singular.
2. One is reminded of the story in Greek mythology that Athena sprang full grown from the
brow of Zeus. Here, this "lane" appears to have sprung full grown in the mind of the receiver.
3. Tex. R. Civ. P. 791.
4. The only circumstance under which attorney's fees can be collected in a trespass to try title
suit involves the circumstance where a record title owner brings suit against a trespasser. Tex. Civ.
Prac. & Rem. Code Ann. § 16.034 (Vernon 2002).